

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~BIGGEXXIXXXXX~~

ATTORNEY GENERAL

AUSTIN, TEXAS

*Superseded by*
*art 29L VCS*

Honorable John F. May
County Attorney
Karnes County
Karnes City, Texas

Dear Sir:

Opinion No. O-2653
Re: Officers' Salary Law - Change
from Salary System to Fee System -
Officers Salary Fund.

Your request for opinion has been received and carefully considered by this department. We quote from your letter as follows:

"1. FACTS: Karnes County had a population of over 20,000 inhabitants according to the 1930 Federal Census, and had a population of less than 20,000 inhabitants according to the 1940 Federal Census. Consequently the Commissioners' Court of Karnes County has compensated the county officials on the basis of an annual salary since the 1st day of January, 1936.

"QUESTION: Beginning with the 1st day of January, 1941, is it mandatory that the Commissioners' Court of Karnes County continue to compensate the county officers on the basis of an annual salary each year, or is it optional with said commissioners' court to compensate such county officers on either a fee basis or a salary basis?

"2. As stated above, the county officers of Karnes County are compensated on the basis of an annual salary during the year 1940. Beginning with the 1st day of August, 1940, the Officers Salary Fund of Karnes County did not have sufficient funds in said fund to pay any of the salaries of the county officers or their deputies and assistants. The general fund of the county also had insufficient funds for a transfer to be made from the general fund to the officers salary fund. To date none of the county officers have been paid their salaries for July, 1940, same being due on August 1, 1940.

"QUESTION: Would it be legal for the Assessor-Collector of taxes of Karnes County to pay his own salary or the salary of his deputies direct from

fees earned and collected by him in his official capacity during the year 1940, applying same in only the amount due August 1, 1940, and said amount being unpaid and past due, and without depositing same in the Officers Salary Fund?"

Article 3912e, Section 1, Vernon's Annotated Texas Civil Statutes reads as follows:

"1. No district officer shall be paid by the State of Texas any fees or commission for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for, all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund or funds created and provided for under the provisions of this Act; provided further, that the provisions of this Section shall not affect the payment of costs in civil cases by the State, but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act to account for fees, commissions and costs collected from private parties."

Article 3912e, Section 2, Vernon's Annotated Texas Civil Statutes reads in part as follows:

"....In counties having a population of less than twenty thousand (20,000) inhabitants according to the last preceding Federal Census, it shall likewise be the duty of the Commissioners' Court, by its order duly made and entered of record at its first regular meeting in January of each calendar year, to determine whether county officers of such county (excluding county surveyors, registrars of vital statistics and notaries public) shall be compensated for the fiscal year on the basis of an annual salary or whether they shall be compensated on the basis of fees earned by them in the performance of their official duties, and it shall also be the duty of the county clerk to forward to the Comptroller of Public Accounts of the State of Texas, on or before the 31st day of January, a certified copy of said order of said Commissioners' Court."

Article 3912e, Section 3, Vernon's Annotated Texas Civil Statutes reads as follows:

"In all cases where the Commissioners' Court

shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund created and provided for under the provisions of this Act; provided, further, that the provisions of this Section shall not affect the payment of costs in civil cases by the State but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act to account for fees, commissions and costs collected from private parties."

Article 3912e, Section 4, Vernon's Annotated Texas Civil Statutes, reads as follows:

"In all counties of this State containing a population of less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census wherein the county or precinct officers are compensated on a salary basis under the provisions of this Act, there shall be created a fund to be known as the 'Officers' Salary Fund of _____ County, Texas.' Such fund shall be kept separate and apart from all other county funds, and shall be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this Act, and to pay the authorized expenses of their offices. Such fund shall be deposited in the county depository and shall be protected to the same extent as other county funds."

Article 3912e, Section 5, Vernon's Annotated Texas Civil Statutes, reads as follows:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in

the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least ten days subsequent to the date of notice. Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer."

Article 3912e, Section 13, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; ...."

Article 3912e, Section 15, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties, having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census at the first regular meeting in January of each calendar year, may pass an order providing for compensation of all county and precinct officers on a salary basis. The Commissioners' Court in each of such counties is hereby authorized, and it shall be its duty, to fix the salaries of Criminal District Attorneys. In the event such Court passes

Honorable John P. May, Page 5

of the time and place for a hearing on same, to
determine whether such officer was guilty of
negligence, which time for hearing shall be at
least ten days subsequent to the date of notice.
Unless an officer is charged by law with the re-
sponsibility of collecting fees, the Commission-
ers' Court shall not in any event make any de-
ductions from the authorised salary of such offi-
cer."

Article 3912e, Section 13, Vernon's Annotated Texas
Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties having
a population of twenty thousand (20,000) inhabi-
tants or more, and less than one hundred and nine-
ty thousand (190,000) inhabitants according to the
last preceding Federal Census, is hereby authorized
and it shall be its duty to fix the salaries of all
the following named officers, to-wit: sheriff, assess-
or and collector of taxes, county judge, county
attorney, including criminal district attorneys and
county attorneys who perform the duties of district
attorneys, district clerk, county clerk, treasurer,
hide and animal inspector. Each of said officers
shall be paid in money an annual salary in twelve
(12) equal installments of not less than the total
sum earned as compensation by him in his official
capacity for the fiscal year 1935, and not more
than the maximum amount allowed such officer under
laws existing on August 24, 1935;...."

Article 3912e, Section 15, Vernon's Annotated Texas
Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties, having
a population of less than twenty thousand (20,000)
inhabitants, according to the last preceding Federal
Census at the first regular meeting in January of each
calendar year, may pass an order providing for com-
pensation of all county and precinct officers on a
salary basis. The Commissioners' Court in each of
such counties is hereby authorized, and it shall
be its duty, to fix the salaries of Criminal Dis-
trict Attorneys. In the event such Court passes

such order they shall pay to each of said District and County officers in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by said officer in his said official capacity for the fiscal year of 1935 and not more than the maximum allowed such officer under laws existing August 24th, 1935, and not more than the maximum amount allowed such officer under laws existing August 24, 1935,...."

Article 3898, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"A fiscal year, within the meaning of this chapter, shall begin on January first of each year;...."

Opinion No. 0-1595 of this department holds that after annual salaries of county officers have been set under the Officers' Salary Law that they cannot be changed that year. We enclose herewith a copy of said opinion.

Opinion No. 0-2378 of this department passes upon a converse situation from the situation disclosed in your first question. We quote from said opinion as follows:

"In view of Article 3898, supra, and Section 13 of Article 3912e, you are advised that a county which has a population of 20,000 or more inhabitants according to the 1940 census, and which shows a population of less than 20,000 according to the 1930 census, would be required to adopt the Officers' Salary Plan, and the change would become effective January 1, 1941."

We enclose herewith a copy of said opinion.

In answer to your first question, it is the opinion of this department, under the facts stated, that at their first regular meeting in January, 1941, it will be optional with the Commissioners' Court of Karnes County, Texas to compensate the county officers named in the statute on either a fee basis or on a salary basis.

In answer to your second question, you are respectfully advised that it is the opinion of this department that same should be answered in the negative. The county officials of Karnes County named in the salary statute will continue to be compensated on a salary basis for the remainder of the fiscal year 1940. The Commissioners' Court at their first regular meeting in January, 1941, may or may not place said officials on a salary basis. Section 2 of Article 3912e makes it the duty of the Commissioners' Court to determine at their first regular meeting in January whether or not the named county officers should be compensated on a salary or on a fee basis; the statute also requires that this be done by order and that the county clerk send a certified copy of such order to the State Comptroller on or before January 31st. But regardless of whether or not the officials go on the salary or fee basis in January, 1941, it is the duty of such officials to comply with the Officers' Salary Law for the remainder of the fiscal year 1940. We enclose herewith a copy of Opinion No. 0-1451 of this department which contains a comprehensive discussion of the law involved in a situation where there are no funds in the Officers' Salary Fund or General Fund to pay salaries of the officers.

Trusting that this satisfactorily answers your inquiry, we are,

APPROVED AUG 28, 1940

/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion
Committee
By BWB
Chairman

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

/s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WFJ:AW:jrb

ENCLOSURE